THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN ROBLES,<br>    Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent | :<br>:<br>:   CASE NO. 3:20-CR-191<br>:   (RELATED CASE NO. 3:24-CV-1525)<br>:<br>:   (JUDGE MARIANI)<br>: |

## MEMORANDUM OPINION

### I. INTRODUCTION

On March 15, 2022, Ryan Robles pleaded guilty, pursuant to a signed written plea agreement, to Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 846 (*see* Docs. 59, 105). On July 28, 2022, Defendant Robles was sentenced to a term of imprisonment of 92 months and a subsequent term of 4 years of supervised release (Doc. 125). Defendant did not file a direct appeal to the Third Circuit Court of Appeals.

Presently before the Court is Robles' "letter motion for Habeas Corpus based on the ineffective assistance of counsel" (Doc. 185), which the Court has deemed to be a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (*see* Doc. 186). Defendant filed a Notice of Election on November 13, 2024,

electing to have the Court rule on his petition as filed (Doc. 189). For the reasons stated herein, the Court will deny Defendant's Motion.[1]

## II. STANDARD OF REVIEW

### a. 28 U.S.C. § 2255

A federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a), (f)(1). A federal prisoner may also file a § 2255 motion within one year from "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action", "[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review", or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. 2255(f)(2)-(4). A § 2255 motion may attack a federal prisoner's sentence on any of the following

---

[1] Upon review of the proceedings in this action and Defendant's present § 2255 motion, it is apparent that Defendant is not entitled to relief. As a result, this Court has not ordered the Government to file an answer, motion, or other response to Defendant's motion. (See R. GOVERNING § 2255 CASES R. 4(b) ("The judge who receives the [§ 2255] motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.")).

2

grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(b); *see also*, 28 U.S.C. § 2255(a).

Section 2255 does not, however, afford a remedy for all errors that may have been made at trial or sentencing. *United States v. Essing*, 10 F.3d 968, 977 n.25 (3d Cir. 1993). Rather, § 2255 permits relief for an error of law or fact constituting a "fundamental defect which inherently results in complete miscarriage of justice." *United States v. Eakman*, 378 F.3d 294, 298 (3d Cir. 2004) (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Relief is available under § 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962). If the court determines that the petitioner is entitled to relief under § 2255, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *See* 28 U.S.C. § 2255(b).

Section 2255 also directs that, in some instances, the court "shall" hold an evidentiary hearing.

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon,

determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). In *United States v. Booth*, 432 F.3d 542 (3d Cir. 2005), the Court of Appeals for the Third Circuit explained the court's discretion in these matters:

> Although a district court has discretion whether to order a hearing when a defendant brings a motion to vacate sentence pursuant to 28 U.S.C. § 2255, our caselaw has imposed limitations on the exercise of that discretion. In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989). See also R. Governing § 2255 Cases R. 4(b). The District court is required to hold an evidentiary hearing "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Id.* We have characterized this standard as creating a "reasonably low threshold for habeas petitioners to meet." *McCoy*, 410 F.3d at 134 (quoting *Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001)). Thus, the district court abuses its discretion if it fails to hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief. *Id.* at 131, 134 ("If [the] petition allege[s] any facts warranting relief under § 2255 that are not clearly resolved by the record, the District Court [is] obligated to follow the statutory mandate to hold an evidentiary hearing.").

432 F.3d at 545-546. Generally, the petitioner bears the burden of proof in § 2255 proceedings. *See United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977).

### b. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are properly raised on collateral review rather than on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To succeed on an ineffective assistance of counsel claim, a petitioner must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner must demonstrate "(1) that counsel's performance was deficient, that is, it fell below an objective

4

standard of reasonableness, and (2) that counsel's deficient performance prejudiced his client." *Albrecht v. Horn*, 485 F.3d 103, 127 (3d Cir. 2007) (*citing Strickland*, 466 U.S. at 689-692). The petitioner bears the burden of establishing that counsel's performance prejudiced the defense. *Marshall v. Hendricks*, 307 F.3d 36, 89 (3d Cir. 2002).

### III. ANALYSIS

Defendant Robles argues that his counsel, Bernard Brown, Esq., was ineffective and "negligent" with respect to issues relating to Defendant's plea agreement, including that the plea agreement contained typographical errors, that counsel advised him to sign the plea agreement despite the errors and without thoroughly discussing the plea agreement with Defendant, and that Robles and his counsel had an agreement that he would receive a 5-year term of imprisonment if he signed the plea agreement and pleaded guilty before this Court. (*See generally*, Docs. 183, 185, 187).[2]

Defendant Robles' Motion must be denied because it is time-barred. Section 2255 provides in relevant part:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] Although the Court deemed Robles' letter filed on September 9, 2024 (Doc. 185) to be his § 2255 habeas motion, Robles' filings in Documents 183 and 187 further explain his asserted bases for relief and the Court therefore considers the assertions set forth in all three documents when evaluating Robles' request for habeas relief.

5

> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Defendant Robles was sentenced on July 28, 2022, and judgment was entered that same day (*see* Doc. 125). The time to file a direct appeal to the Third Circuit Court of Appeals expired 14 days thereafter. *See* Fed. R. App. P. 4(b)(1) (a criminal defendant's notice of appeal must be filed within 14 days after the entry of the judgment being appealed). Thus, because no notice of appeal was filed, Robles' judgment became final on August 12, 2022. However, Defendant did not file the instant habeas petition until September, 2024 – more than 2 years after the conviction became final.

Robles does not argue, nor is there any basis to do so, that he is timely because he was previously prevented from making a § 2255 motion by governmental action in violation of the Constitution or laws of the United States or due to the recent discovery of facts supporting his claim through the exercise of due diligence, as required by § 2255(f)(2) or (4). Nor does Robles assert that a right has been newly recognized by the Supreme Court and made retroactively applicable to a case such as his, as required by § 2255(f)(3).

For the reasons set forth herein, Defendant's § 2255 motion is barred by the applicable statute of limitations and must be denied.

## IV. EVIDENTIARY HEARING

Section 2255(b) advises that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The decision to hold a hearing is wholly within the discretion of the district court." *Eckenberger v. United States*, 2022 WL 609208, at *5 (M.D.Pa. 2022) (citing *Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)). In this case, no evidentiary hearing is necessary because "the motion and files and records of this case show conclusively that the movant is not entitled to relief." *Id.* (internal quotations and citations omitted).

## V. CERTIFICATE OF APPEALABILITY

"A § 2255 petitioner can appeal the denial of his claims only if he obtains a certificate of appealability ['COA']." *United States v. Bristol*, 2022 WL 2068048, at *8 (E.D.Pa. 2022) (citing 28 U.S.C. § 2253(c)(1)). The petitioner must make a "substantial showing of the denial of a constitutional right" for the district court to issue a COA, which requires a showing that "reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, a COA is not warranted because the Court finds that

reasonable jurists would not find this Court's the resolution of Robles' constitutional claims debatable or wrong.

## VI. CONCLUSION

For the aforementioned reasons, the Court will deny Robles' "letter motion for Habeas Corpus based on the ineffective assistance of counsel" (Doc. 185) (Doc. 185) which the Court has deemed to be a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. A separate Order will follow.

Robert D. Mariani
United States District Judge